**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 06 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

### IN THE UNITED DISTRICT COURT OF ARKANSAS
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISON

FRANCES VIRGINIA MOON                                              PLAINTIFF

VS.

CASE NO. *2:20CV140-BSM*

MISSISSIPPI DOUBLE QUICK, INC.,
JOHN DOES A – Z, said designation
representing those Individuals, management        This case assigned to District Judge *Miller*
Corporation/companies or other Who has an interest    and to Magistrate Judge *Volpe*
In Mississippi Double Quick, Inc. subjecting
them/it to liability as a separate judicial entity
for the acts of negligence and/or fault alleged herein              DEFENDANTS

### NOTICE OF REMOVAL

COMES now Double Quick, Inc. (improperly identified as Mississippi Double Quick, Inc.),

by and through its attorneys, Barber Law Firm PLLC, and for its Notice of Removal of this action

from the Circuit Court of Chicot County, Arkansas, to United States District Court for the Eastern

District of Arkansas, Delta Division, states:

1.      This action was commenced on May 26, 2020, when the Plaintiff filed her Complaint

for Damages in the Circuit Court of Chicot County, Arkansas.

2.      The Plaintiff attempted service to Double Quick, Inc. by delivery of a copy of the

Complaint to a husband of an employee on or about June 9, 2020.

3.      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Double Quick, Inc. files this Notice

of Removal of the state court civil action that is described herein, based on diversity jurisdiction.

28 U.S.C. § 1332.

4.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) having been filed within thirty (30) days of Double Quick, Inc.'s receipt of Summons and Complaint for Damages.

5.      A copy of the Notice of Removal being filed with the Circuit Court of Chicot County in the underlying matter is attached hereto as Exhibit "A".

6.      Copies of all pleadings and process filed in this action with the Chicot County Circuit Court are attached hereto as Exhibit "B".

7.      In her Complaint, the Plaintiff alleges an amount of damages that exceeds $75,000, exclusive of interest and costs.  Ms. Moon specifically alleged that her damages "will be in excess of the amount required to establish federal diversity of jurisdiction for all damages alleged herein including but not limited to past, present and future pain, suffering, mental anguish, medical costs and for all further relief to which the plaintiff may be entitled."  (Ex. B, Complaint, at "Wherefore" paragraph on page 4).

8.      Plaintiff is identified as a citizen and resident of the State of Arkansas.  (Exh. B, Complaint at ¶ 1.)

9.      Double Quick, Inc. is a Mississippi corporation with its principle place of business located in Indianola, Mississippi.  Plaintiff acknowledges that Double Quick, Inc. is a foreign corporation.  (Exh. B, Complaint at ¶ 4.)

10.     There is complete diversity of citizenship between the Plaintiff and Defendant. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332.

11.     This Court is the appropriate court for removal of this action under 28 U.S.C. § 1446(a).

12.     The United Stated District Court for the Eastern District of Arkansas, Delta Division, embraces Chicot County, the county in which the state court action is now pending. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

13.     There are no other defendants to this action, and as a result, no other consent is required for removal.

14.     The undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

15.     All procedural requisites for removal have been met.  Accordingly, removal to the United States District Court under 28 U.S.C. § 1441 is proper and effective hereby.

Therefore, Double Quick, Inc. gives notice of removal of this action to the United States District Court and respectfully requests that this Court grant it all just and proper relief to which it may be entitled.

Respectfully submitted,

James D. Robertson
BAR ID 95181
**BARBER LAW FIRM PLLC**
Attorneys for Defendant
425 W. Capitol Avenue, Suite 3400
Little Rock, AR  72201
(501) 372-6175/(501) 375-2802 (Fax)
jrobertson@barberlawfirm.com

IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS
CIVIL DIVISION

FRANCES VIRGINIA MOON                                                    PLAINTIFF

VS.

CASE NO. 09CV-20-53-3

MISSISSIPPI DOUBLE QUICK, INC.,
JOHN DOES A – Z, said designation
representing those Individuals, management
Corporation/companies or other Who has an interest
In Mississippi Double Quick, Inc. subjecting
them/it to liability as a separate judicial entity
for the acts of negligence and/or fault alleged herein          DEFENDANTS

### NOTICE OF REMOVAL

COMES now Double Quick, Inc. (improperly identified as Mississippi Double Quick, Inc.), by and through its attorneys, Barber Law Firm PLLC, and for its Notice of Removal of this action from the Circuit Court of Chicot County, Arkansas, to United States District Court for the Eastern District of Arkansas, Delta Division, states:

1.      This action was commenced on May 26, 2020, when Plaintiff filed her Complaint for Damages in the Circuit Court of Chicot County, Arkansas.

2.      This action is pending in Chicot County Circuit Court Case No. 09CV-20-53-3 captioned *Frances Virginia Moon v. Mississippi Double Quick, Inc.: and John Does A – Z (unknown individuals).*

3.      The Plaintiff purportedly served Double Quick, Inc. by delivery of a copy of the Complaint to a husband of an employee on or about June 9, 2020.

**EXHIBIT "A"**

4.      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Double Quick, Inc. files this Notice of Removal of the state court civil action that is described herein, based on diversity jurisdiction. 28 U.S.C. § 1332.

5.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) having been filed within thirty (30) days of Double Quick, Inc.'s receipt of Summons and Complaint for Damages.

6.      The Plaintiff is identified as a citizen and resident of the State of Arkansas. (Complaint at ¶ 1.)

7.      The Defendant Double Quick, Inc. is a Mississippi corporation, with its principle place of business in Indianola, Mississippi.

8.      There is complete diversity of citizenship between the Plaintiff and the Defendant.

9.      The amount in controversy exceeds $75,000 exclusive of interest and costs. (Complaint, at "Wherefore" paragraph on page 4.)

10.     The United States District Court for the Eastern District of Arkansas, Delta Division, is the appropriate court for removal of this action under 28 U.S.C. § 1446(a).

11.     There are no other defendants requiring consent to removal.

12.     Copies of all pleadings filed and served to date in the Circuit Court of Chicot County, Arkansas, are attached to the Notice of Removal filed in Federal Court.

13.     All conditions for removal have been met. Accordingly, removal to the United States District Court under 28 U.S.C. § 1441 is proper and effective hereby.

Therefore, Double Quick, Inc., gives notice of removal of this action to the United States District Court and respectfully requests that this Court grant it all just and proper relief to which it may be entitled.

Respectfully submitted,

**BARBER LAW FIRM PLLC**
Attorneys for Defendant
425 W. Capitol Avenue, Suite 3400
Little Rock, AR  72201
(501) 372-6175/(501) 375-2802 (Fax)


By:  /s/ James D. Robertson
        James D. Robertson    AR BIN  95181
        jrobertson@barberlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

    I, James D. Robertson, do hereby state on oath that I have mailed/emailed a true and correct copy of the above and foregoing pleading this 6th day of July, 2020, to the following:

Michael D. Ray
Attorney at Law
P. O. Box 1123
Crossett, AR  71635
mdray@windstream.net

        /s/ James D. Robertson
        James D. Robertson    AR BIN 95181

FILED

2020 MAY 26 PM 12: 40

JOSEPHINE GRIFFIN
CHICOT CO. CIRCUIT CLERK

BY _____ D.C.

09CV-20-53-3

**IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS**
**CIVIL DIVISION**

**FRANCES VIRGINIA MOON**                                    **PLAINTIFF**

**VS.**

**MISSISSIPPI DOUBLE QUICK, INC.,**
**JOHN DOES A-Z, said designation representing those**
**Individuals, mangement corporation/companies or other entity**
**Who has an interest in Mississippi Double Quick, Inc.**
**subjecting them/it to liability as a separate judicial**
**entity for the acts of negligence and/or fault alleged herein**       **DEFENDANTS**

---

**COMPLAINT**

---

Comes now Frances Virginia Moon, Plaintiff, by and through her attorney, Michael D. Ray, and

for her Complaint at Law does state as follows:

**COUNT ONE:**

1.  That the Plaintiff at all times herein was a resident of Chicot County, Arkansas.

2.  This Court is the proper Court for Jurisdiction pursuant to **A.C.A. 16-13-201**.

3.  That this is the proper court for venue pursuant to **A.C.A. 16-60-101**.

4.  That the Defendant, Mississippi Double Quick, Inc. of Eudora, Arkansas, hereinafter

    "Double Quick", is a foreign for profit corporation company duly authorized to conduct

    business in the State of Arkansas and doing business in Chicot County, Arkansas, as a

    convenience store and may be served with process by serving its agent, Dale L. Taylor,

**EXHIBIT "B"**

Down at Prospect Street, Eudora, Arkansas, 71640.

5. Additionally, John Doe Defendants A-Z is a designation representing the appropriate individual, corporate or other business entities that had any interest in the operation or ownership of Double Quick subjecting them to liability as a separate judicial entity for the acts of negligence or fault alleged herein.

6. On or about the 11th day of August, 2019, and for some time prior thereto, Defendants through its/their duly authorized servants, agents and employees, operated a business known as Double Quick in Eudora, Arkansas, and did business as Double Quick and as a part of said operations, the Defendants maintained its/their restrooms.

7. On or about the 11th day of August 2019, Frances Virginia Moon entered the convenience store to use the bathroom and while using the bathroom, the seat moved due to a broken hinge causing her to fall and suffered severe and substantial injury to her person.

8. The Defendant and/or the Defendant's agents or employees owed the Plaintiff a duty to use due care in the operation and maintenance of its store premises including these public restrooms and toilets.

9. The toilet seat with the broken hinge that injured the Plaintiff was under control of the Defendant and the Defendant's agents and employees.

10. In the ordinary course of things, the Plaintiff would not have been injured had the Defendant or the Defendant's agents and employees used proper care in the inspection and maintenance of its store premises and public restrooms and toilets.

11. The Defendant knew, or should have known, that the commode that the Plaintiff used had a broken hinge.

12. The Defendant failed to place warning signs on the premises in such a position as to warn of the hazard and furhter failed to take safety preventions or to advise and protect the public, employees, invitees, patrons, etc...of the dangerous conditiont hat existed on its premises.

13. The Defendant failed to use ordinary care to maintain its premises in a reasonably safe condition.

14. That is was both reasonable and foreseeable by the Defendant, its agents and employees that Plaintiff could and would be injured as a result of the broken toilet seat.

15. As a direct and proximate result of the carelessness, recklessness, and negligence of the Defendant, as aforesaid, Plaintiff received injuries to her body as a whole, and particularly her left hip and left shoulder.

16. Plaintiff's injuries were severe enough and of such a serious nature that they required medical attention.

17. The Plaintiff has undergone pain and suffering in the past and will continue to undergo pain and suffering in the future all to her damage in an amount to be proven at trial.

18. That the Plaintiff has incurred medical expenses in the past and will continue to incur such expenses in the future all to her damage in an amount to be proven at trial.

19. That the Plaintiff's capacity for and enjoyment of life has been substantially and materially reduced and diminished and that said reduction and diminution will continue in the future and be permanent all to her damage in an amount to be proven at trial.

20. That the Court should apply the doctrine of Res Ipsa Loquitur to the facts of the case.

21. That Plaintiff requests trial by jury on all issues in this matter.

WHEREFORE, premises considered, Plaintiff Frances Virginia Moon prays judgment over and against the Defendants in an amount which shall be proven at trial and which Plaintiff reasonably believes will be in an amount in excess of the amount required to establish federal diversity of jurisdiction for all damages alleged herein including but not limited to past, present and future pain, suffering, mental anguish, medical costs and for all further relief to which the Plaintiff may be entitled.

Respectfully submitted,
Frances Virginia Moon, Plaintiff

By: _____

Michael D. Ray
PO Box 1123
Crossett, AR 71635
870-364-5176 p
870364-6503 f
mdray@windstream.net

## **VERIFICATION**

I, Frances Virginia Moon, Plaintiff, state under oath that the facts contained in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

Frances Virginia Moon

**IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS**

**FRANCES VIRGINIA MOON**                                          **PLAINTIFF**

**VS.**                          CASE NO.: 09CV-20-53-3

**MISSISSIPPI DOUBLE QUICK, INC.,**
**JOHN DOES A-Z, said designation representing those**
**Individuals, management corporation/companies or other entity**
**Who has an interest in Mississippi Double Quick, Inc.**
**Subjecting them/it to liability as a separate judicial**
**Entity for the acts of negligence and/or fault alleged herein**       **DEFENDANT**

<u>**SUMMONS**</u>

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Mississippi Double Quick, Inc.**
c/o Dale L. Taylor
Down at Prospect Street
Eudora, AR 71640

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: **Ray Law Firm, Michael D. Ray, PO Box 1123, 800-A Main Street, Crossett, AR 71635**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

Address of Clerk's Office

_108 Main St_

_Lake Village AR_

_71653_

CLERK OF COURT

_Lena Rauls_

[Signature of Clerk or Deputy Clerk]

Date: _5/26/2020_

No. _____ **This summons is for Mississippi Double Quick, Inc.**

**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with
_____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____   Sheriff of _____ County, Arkansas

By: _____
        [signature of server]


_____
        [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
        [signature of server]


_____
        [printed name]

Address: _____

        Phone: _____

Subscribed and sworn to before me this date: _____

        Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____

FILED

2020 JUN 15 AM 11: 46

JOSEPHINE GRIFFIN
CHICOT CO. CIRCUIT CLERK

Refun

## IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS

| | |
|---|---|
| **FRANCES VIRGINIA MOON** | **PLAINTIFF** |
| **VS.**           CASE NO.: 09CV-20-53 3 | |
| **MISSISSIPPI DOUBLE QUICK, INC.,**<br>**JOHN DOES A-Z, said designation representing those**<br>**Individuals, management corporation/companies or other entity**<br>**Who has an interest in Mississippi Double Quick, Inc.**<br>**Subjecting them/it to liability as a separate judicial**<br>**Entity for the acts of negligence and/or fault alleged herein** | **DEFENDANT** |

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Mississippi Double Quick, Inc.**
c/o Dale L. Taylor
Down at Prospect Street
Eudora, AR 71640

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: **Ray Law Firm, Michael D. Ray, PO Box 1123, 800-A Main Street, Crossett, AR 71635**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

JUN 0 1 2020

BY:

**Additional Notices Included:**

Address of Clerk's Office

108 Main St

Lake Village, AR
71653

CLERK OF COURT

_Lena Rawls_
[Signature of Clerk or Deputy Clerk]

Date: 5/26/2020

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____      Sheriff of _____ County, Arkansas

By: _____

      [signature of server]

_____

      [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 6/9/2020

By: _Martha Crane_____

      [signature of server]

_MARTHA CRANE_____

      [printed name]

Address: PO Box 181 Montrose AR 71658

Phone: 870-737-4382

Subscribed and sworn to before me this date: 6/9/2020

Notary Public _Douglas Crane_____

My Commission Expires: _____



DOUGLAS CRANE
MY COMMISSION # 12706671
EXPIRES: February 10, 2029
Ashley County

Additional information regarding service or attempted service:

_____

_____

FILED

2020 JUL -1 AM 9: 52

JOSEPHINE GRIFFIN
CHICOT CO. CIRCUIT CLERK

*Josephine Griffin D.C.*

## IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS
## CIVIL DIVISION

FRANCES VIRGINIA MOON                                      PLAINTIFF

VS.

CASE NO. 09CV-20-53-3

MISSISSIPPI DOUBLE QUICK, INC.,
JOHN DOES A – Z, said designation
representing those Individuals, management
Corporation/companies or other Who has an interest
In Mississippi Double Quick, Inc. subjecting
them/it to liability as a separate judicial entity
for the acts of negligence and/or fault alleged herein          DEFENDANTS

### ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Double Quick, Inc. (improperly identified as "Mississippi Double Quick, Inc."), by and through its attorneys, Barber Law Firm PLLC, and for its Answer to Plaintiff's Complaint, state:

1.      This defendant denies each and every allegation within the Plaintiff's Complaint unless specifically admitted hereafter.

2.      This defendant is without sufficient information to admit or deny the allegations contained within paragraph no. 1 of the Plaintiff's Complaint, and those allegations are therefore denied at this time.

3.      The allegations contained within paragraph nos. 2 and 3 of the Plaintiff's Complaint are denied.

4.      The allegations contained within paragraph no. 4 of the Plaintiff's Complaint are denied primarily because this defendant has been misidentified.  Double Quick, Inc. is a foreign corporation with its principal place of business in Indianola, Mississippi.  The balance of the allegations contained within paragraph no. 4 of the Plaintiff's Complaint are denied.

5.      The allegations contained within paragraph no. 5 of the Plaintiff's Complaint are denied.

6.      With respect to the allegations contained within paragraph no. 6 of the Plaintiff's Complaint, this defendant admits that it operates a convenience store in Eudora, Arkansas.  The balance of the allegations contained within paragraph no. 6 of the Plaintiff's Complaint are denied to the extent they infer or imply any fault or wrongdoing on the part of this defendant.

7.      This defendant is without sufficient information to admit or deny the allegations contained within paragraph no. 7 of the Plaintiff's Complaint, and those allegations are therefore denied at this time.

8.      The allegations contained within paragraph 8 of the Plaintiff's Complaint state a legal conclusion to which no response is required.  However, this defendant denies the allegations contained within paragraph 8 to the extent the allegations contained therein are inconsistent with controlling law.

9.      The allegations contained within paragraph nos. 9, 10, 11, 12, 13, 14, 15, and 16 of the Plaintiff's Complaint are denied.

10.     This defendant is without sufficient information to admit or deny the allegations contained within paragraph nos. 17, 18, and 19 of the Plaintiff's Complaint, and those allegations are therefore denied at this time.

11.     The allegations contained within paragraph no. 20 of Plaintiff's Complaint are denied.

12.     This defendant joins the plaintiff's request for a trial by jury on all contested issues of fact, as set forth in paragraph no. 21 of the Plaintiff's Complaint.

13.     This defendant denies that the plaintiff is entitled to recover the relief set forth in the "WHEREFORE" paragraph at the conclusion of the Plaintiff's Complaint.

14.     This defendant affirmatively pleads that the plaintiff is a licensee and not a business invitee.

15.     This defendant affirmatively pleads the doctrines of comparative fault and independent intervening proximate cause so as to bar or reduce any recovery that may be had herein.

16.     This defendant affirmatively pleads each and every defense available to it pursuant to Ark. R. Civ. P. 12(b), including but not limited to, insufficiency of process, insufficiency of service of process, improper venue, failure to state facts upon which relief may be granted, and failure to join a necessary party.  This defendant affirmatively states that an employee's husband received a copy of the Complaint and Summons at his personal address.  The corporate defendant has not been properly served.

17.     This defendant affirmative pleads each and every defense available to it pursuant to Ark. R. Civ. P. 8(c) including but not limited to:

     a.     accord and satisfaction;

     b.     arbitration and award;

     c.     comparative fault;

     d.     discharge in bankruptcy;

     e.     duress;

f.      estoppel;

g.      exclusiveness of remedy under workman's compensation law;

h.      failure of consideration;

i.      fraud;

j.      illegality;

k.      injury by fellow servant;

l.      laches;

m.      license;

n.      payment;

o.      release;

p.      res judicata;

q.      set-off;

r.      statute of fraud;

s.      statute of limitations; and

t.      waiver.

18.     This defendant affirmatively pleads that the plaintiff has failed to mitigate her damages.

19.     This defendant reserves the right to plead further as discovery progresses.

WHEREFORE, having fully answered, defendant Double Quick, Inc. (improperly identified as Mississippi Double Quick, Inc.), respectfully request that Plaintiff's Complaint be dismissed, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
Attorneys for Defendant
3400 Simmons Tower
425 West Capitol Avenue
Little Rock, AR 72201
(501) 372-6175/(501) 375-2802 (Facsimile)

By:  /s/ James D. Robertson
        James D. Robertson ARBIN 95181
        jrobertson@barberlawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, I filed the foregoing pleading with the Clerk of Court via facsimile and will forward said pleading via email to:

Michael D. Ray
Attorney at Law
P. O. Box 1123
Crossett, AR 71635
mdray@windstream.net

                         /s/ James D. Robertson