FILED

2020 MAY 26 PM 12: 40

JOSEPHINE GRIFFIN
CHICOT CO. CIRCUIT CLERK

_____ D.C.

09CV-20-53-3

IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS
CIVIL DIVISION

| | |
|---|---|
| **FRANCES VIRGINIA MOON** | **PLAINTIFF** |
| VS. | |
| **MISSISSIPPI DOUBLE QUICK, INC.,**<br>**JOHN DOES A-Z**, said designation representing those<br>Individuals, mangement corporation/companies or other entity<br>Who has an interest in Mississippi Double Quick, Inc.<br>subjecting them/it to liability as a separate judicial<br>entity for the acts of negligence and/or fault alleged herein | **DEFENDANTS** |

## COMPLAINT

Comes now Frances Virginia Moon, Plaintiff, by and through her attorney, Michael D. Ray, and for her Complaint at Law does state as follows:

### COUNT ONE:

1. That the Plaintiff at all times herein was a resident of Chicot County, Arkansas.

2. This Court is the proper Court for Jurisdiction pursuant to **A.C.A. 16-13-201**.

3. That this is the proper court for venue pursuant to **A.C.A. 16-60-101**.

4. That the Defendant, Mississippi Double Quick, Inc. of Eudora, Arkansas, hereinafter "Double Quick", is a foreign for profit corporation company duly authorized to conduct business in the State of Arkansas and doing business in Chicot County, Arkansas, as a convenience store and may be served with process by serving its agent, Dale L. Taylor,

**EXHIBIT "B"**

Down at Prospect Street, Eudora, Arkansas, 71640.

5. Additionally, John Doe Defendants A-Z is a designation representing the appropriate individual, corporate or other business entities that had any interest in the operation or ownership of Double Quick subjecting them to liability as a separate judicial entity for the acts of negligence or fault alleged herein.

6. On or about the 11th day of August, 2019, and for some time prior thereto, Defendants through its/their duly authorized servants, agents and employees, operated a business known as Double Quick in Eudora, Arkansas, and did business as Double Quick and as a part of said operations, the Defendants maintained its/their restrooms.

7. On or about the 11th day of August 2019, Frances Virginia Moon entered the convenience store to use the bathroom and while using the bathroom, the seat moved due to a broken hinge causing her to fall and suffered severe and substantial injury to her person.

8. The Defendant and/or the Defendant's agents or employees owed the Plaintiff a duty to use due care in the operation and maintenance of its store premises including these public restrooms and toilets.

9. The toilet seat with the broken hinge that injured the Plaintiff was under control of the Defendant and the Defendant's agents and employees.

10. In the ordinary course of things, the Plaintiff would not have been injured had the Defendant or the Defendant's agents and employees used proper care in the inspection and maintenance of its store premises and public restrooms and toilets.

11. The Defendant knew, or should have known, that the commode that the Plaintiff used had a broken hinge.

12. The Defendant failed to place warning signs on the premises in such a position as to warn of the hazard and furhter failed to take safety preventions or to advise and protect the public, employees, invitees, patrons, etc...of the dangerous conditiont hat existed on its premises.

13. The Defendant failed to use ordinary care to maintain its premises in a reasonably safe condition.

14. That is was both reasonable and foreseeable by the Defendant, its agents and employees that Plaintiff could and would be injured as a result of the broken toilet seat.

15. As a direct and proximate result of the carelessness, recklessness, and negligence of the Defendant, as aforesaid, Plaintiff received injuries to her body as a whole, and particularly her left hip and left shoulder.

16. Plaintiff's injuries were severe enough and of such a serious nature that they required medical attention.

17. The Plaintiff has undergone pain and suffering in the past and will continue to undergo pain and suffering in the future all to her damage in an amount to be proven at trial.

18. That the Plaintiff has incurred medical expenses in the past and will continue to incur such expenses in the future all to her damage in an amount to be proven at trial.

19. That the Plaintiff's capacity for and enjoyment of life has been substantially and materially reduced and diminished and that said reduction and diminution will continue in the future and be permanent all to her damage in an amount to be proven at trial.

20. That the Court should apply the doctrine of Res Ipsa Loquitur to the facts of the case.

21. That Plaintiff requests trial by jury on all issues in this matter.

WHEREFORE, premises considered, Plaintiff Frances Virginia Moon prays judgment over and against the Defendants in an amount which shall be proven at trial and which Plaintiff reasonably believes will be in an amount in excess of the amount required to establish federal diversity of jurisdiction for all damages alleged herein including but not limited to past, present and future pain, suffering, mental anguish, medical costs and for all further relief to which the Plaintiff may be entitled.

Respectfully submitted,
Frances Virginia Moon, Plaintiff

By: _____
Michael D. Ray
PO Box 1123
Crossett, AR 71635
870-364-5176 p
870364-6503 f
mdray@windstream.net

## VERIFICATION

I, Frances Virginia Moon, Plaintiff, state under oath that the facts contained in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

_____
Frances Virginia Moon